CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 1 8 2005

JOHN F. CORCORAN, CLERK
BY: DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK ANTHONY TEAL, | ) |
| Plaintiff, | ) Civil Action No. 7:04CV00406 |
| v. | ) MEMORANDUM OPINION AND ORDER |
| D.A. BRAXTON, Warden, et al., Red Onion State Prison, | ) By: Samuel G. Wilson United States District Judge |
| Defendant(s). | ) |

This matter is before the court on 1) plaintiff Mark Anthony Teal's motion for a 30-day extension to file his Roseboro response to defendant's responsive pleadings 2) Teal's motion for discovery pursuant to Federal Rule of Civil Procedure 56(f), and 3) defendants' motion for summary judgment. On May 3, 2005, the court issued a Roseboro notice to Teal giving him twenty days to submit any further counter-affidavits or other relevant evidence contradicting, explaining, or avoiding defendants' evidence. Teal's Roseboro response is due May 23, 2005. Teal requests an extension to prepare declarations and/or conduct discovery, secure witnesses names and documents, and to prepare an adequate response to set forth specific facts showing that genuine issues of fact exist. By order of March 10, 2005, the court directed the defendants to file a motion for summary judgment within twenty days. By order of March 16, 2005, the court denied Teal's motion for discovery and motion to produce documents as premature and granted defendants' motion for a protective order.

On April 29, 2005, the defendants filed a motion for summary judgment asserting the defense of qualified immunity. Though the defendants have properly stated the law of qualified immunity, they have failed to show its applicability in this case. By memorandum opinion and

order of November 12, 2004, the court sua sponte determined, pursuant to 28 U.S.C. §1915, that Teal alleged facts stating possible constitutional claims against the defendants of excessive force, cruel and unusual punishment due to conditions of confinement, due process claims for the confiscation of his property, and retaliation. A prisoner proceeding pro se in an action filed under § 1983 may rely on his verified pleadings in order to withstand a motion for summary judgment by the defendants that is supported by affidavits containing a conflicting version of the facts. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). The defendants do not argue or even suggest that Teal's constitutional rights at issue were not clearly established at the time of their alleged violations or that there is any reason they could not have known the relevant legal standard. The court will not allow the defendants to forestall Teal's discovery efforts with the assertion that qualified immunity is an issue in this case. Therefore, upon review of the defendants' motion for summary judgment, the court finds that genuine issues of material fact exist and therefore denies defendants' motion for summary judgment. Accordingly, the court also finds that Teal is now entitled to engage in discovery.

For the reasons stated, it is hereby

**ORDERED**

as follows:

1. defendants' motion for summary judgment is **DENIED**;

2. Teal's motion for an extension of time to prepare declarations and/or conduct discovery, secure witnesses names and documents, and to prepare an adequate response is **GRANTED**;

3. Teal is hereby directed to serve any and all discovery requests on defendants and also to submit such requests to the court within thirty (30) days from the entry of this order;

4. defendants shall respond to Teal's discovery requests and also submit such responses to the court within (30) days of being served with Teal's discovery requests;

5. Teal shall then have (20) days following submission of defendants' discovery responses to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding defendants' evidence.

The clerk of the court is hereby directed to send certified copies of this order to the plaintiff and to counsel of record for the defendant.

**ENTER:** This 18th day of May, 2005.

UNITED STATES DISTRICT JUDGE