CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
DEC 12 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **MARK ANTHONY TEAL,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:04cv00406** |
| | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| **v.** | ) | |
| | ) | **By: Samuel G. Wilson** |
| **WARDEN D.A. BRAXTON, et al.,** | ) | **United States District Judge** |
| **Defendants.** | ) | |

This matter is before the court on plaintiff Mark Anthony Teal's motion for a temporary restraining order and a preliminary injunction. Plaintiff's motion fails to demonstrate any prospective imminent harm. Teal merely states that prison officials are retaliating against him for filing the instant civil action by refusing to process his commissary orders, causing him to repeatedly receive "bad haircuts" from the prison barber, giving him false information, and forcing him to remain in the segregation unit. As there is no basis for injunctive relief, the court denies Teal's motion.

A district court should issue preliminary injunctive relief sparingly, using the "balance of hardship" test. In applying this test, the court should consider four factors: 1) whether the plaintiff will suffer immediate and irreparable harm if relief is denied; 2) the injury to the defendants if relief is granted; 3) the likelihood that plaintiff will succeed on the merits; and 4) whether it is in the public's interest to grant relief. Wetzel v. Edwards, 635 F.2d 283, 287 (4th Cir. 1980), (citing, Blackwelder Furniture Co. of Statesville, Inc. v. Seilig Manufacturing, Co., 550 F.2d 189, 195 (4th Cir. 1977)). Without a showing that plaintiff will suffer actual imminent, irreparable harm, the court cannot grant injunctive relief. Rum Creek Coal Sales, Inc. v. Caperton, 926 F.2d 353, 360 (4th Cir. 1991); Manning v. Hunt, 119 F.3d 254, 263 (4th Cir.

1997). As such, Teal must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." Direx Israel, Ltd. v. Breakthrough Medical Group, 952 F.2d 802, 812 (4th Cir. 1991)(citation omitted). Teal's motion for a temporary restraining order and a preliminary injunction fails in that regard. Though restricted commissary privileges, bad hair cuts, being the recipient of false information, and incarceration in a segregation unit may be uncomfortable and inconvenient, Teal has not alleged any facts which suggest he is suffering or will suffer irreparable harm.

Accordingly, it is hereby **ORDERED** that Teal's motion for a temporary restraining order and a preliminary injunction is **DENIED**.

The Clerk is directed to send certified copies of this order to the plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 12th day of December, 2005.

United States District Judge



Case 7:04-cv-00406-SGW-mfu Document 76 Filed 12/12/05 Page 2 of 2 Pageid#: 458